**ORIGINAL**

# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 ℭ𝔩𝔞𝔦𝔪𝔰

No. 15-565C
(Filed: August 21, 2015)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
SERAJUL HAQUE,                      *
                                    *
        Plaintiff,                  *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
        Defendant.                  *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

**FILED**

AUG 21 2015

U.S. COURT OF
FEDERAL CLAIMS

---

## ORDER OF DISMISSAL

---

This matter comes before the Court on Defendant's motion to dismiss, filed July 21, 2015. Plaintiff's complaint appears to be a form employment discrimination complaint from the United States District Court for the Northern District of California, although Plaintiff has altered the caption to reflect the name of this Court. This form complaint states that "[t]his action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination." Through this form, Plaintiff alleges that he has been subject to employment discrimination by Defendant from the years 1994-2015.

Plaintiff's pro se complaint, even when viewed in the manner most favorable to Plaintiff, fails to articulate a claim that is within this Court's jurisdiction. This Court may not adjudicate claims alleging civil rights violations. See Dourandish v. United States, 120 Fed. Cl. 467, 474 (2015). 28 U.S.C. § 1343(a)(4) states:

> The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a)(4) (2012). "Congress never intended for the United States Court of Federal Claims to have jurisdiction over claims brought under Title VII . . . ." Taylor v. United States, 80 Fed. Cl. 376, 381 (2008), aff'd, 310 Fed. App'x. 390 (Fed. Cir. 2009).

Defendant's motion to dismiss is **GRANTED**, and the Court dismisses Plaintiff's complaint for lack of subject-matter jurisdiction.

*Mary Ellen Coster Williams*
MARY ELLEN COSTER WILLIAMS
Judge